HERMAN BASKIN et al., Appellants, v. HENRY HUNTINGTON, as Executor, etc., et al., Respondents.

Under the provisions of the act of 1850 (Chap. 295, Laws of 1850) and the similar provision of the Code of Civil Procedure (§ 1380), providing that after one year from the death of a party against whom in his life-time a final money judgment had been rendered, the same "may be enforced by execution against any property upon which it is a lien," with like effect as if the judgment debtor was still living, no distinction is made between judgments upon sole, joint, or joint and several contracts, and the land of a deceased surety, against whom, as surety, a judgment has been recovered, and has become a lien upon said land in his life-time, is not excepted, and is not relieved from the lien by his death.

Where, therefore, prior to the death of one of the makers of a joint and several promissory note, who executed it as surety, judgment had been recovered against him thereon, and had become a lien upon his real estate, *held*, that the lien of the judgment was not discharged by his death, and was enforceable by execution issued as prescribed by the Code of Civil Procedure (§§ 1379, 1380, 1391); and this, although the judgment was recovered and the surety died before the going into effect of the provision of the Code (§ 758, as amended in 1877) declaring that the estate of a person jointly liable with others upon contract shall not be discharged by his death.

Reported below, 53 Hun, 95.

(Argued October 6, 1891; decided December 15, 1891.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made the first Tuesday of June, 1889, which reversed a judgment in favor of plaintiffs entered upon the report of a referee, and granted a new trial.

On February 22, 1875, Mary E. Huson as principal, and William R. Baskin and James L. Brewer as sureties, made their joint and several promissory note, by which they promised to pay John T. Andrews and James Huntington, or bearer, $800, March 1, 1876, with interest. June 7, 1876, the payees in the note recovered a judgment thereon against the principal and sureties for $854.33 damages and costs. When the judgment was entered, William R. Baskin owned land in the county of Yates on which the judgment became a lien. June 7, 1877 William R. Baskin died intestate, leaving the plaintiffs

in this action, Lyman J. Baskin and Winifred E. Baskin, his children and only heirs at law and next of kin, and Eliza A. Baskin, his widow, who died November 21, 1879. Before this action was begun, the plaintiffs had succeeded to the interests of Lyman J. and Winifred E. Baskin, and now are the owners in fee of the lands of which William R. Baskin died seized. Whether he left personalty or whether letters of administration were issued on his estate does not appear. March 11, 1881, the plaintiffs in the aforesaid judgment (John T. Andrews and James Huntington) caused an execution to be issued thereon against the property of the defendants therein, and March 14, 1881, delivered it to Charles Bell, then the sheriff of the county of Yates. The referee finds that the execution directed the sheriff to collect the amount of the judgment, with interest, in which it differs from the allegation in the complaint, wherein it is averred he was directed to collect $906.69, with interest on $854.33, from January 10, 1880. The sheriff had a deputy by the name of R. Baskin, to whom he delivered the execution. December 31, 1882, the official term of Charles Bell as sheriff expired, since which he has not held the office of sheriff, nor has Baskin the office of deputy sheriff. From January 1, 1883, until December 31, 1885, Charles Speelman was sheriff of the county of Yates, and from January 1, 1886, to December 31, 1888, Michael Pearce was the sheriff of said county. August 8, 1885, James Huntington, one of the plaintiffs in said judgment, died, leaving a last will and testament, which was duly probated and letters testamentary issued thereon to Henry Huntington, who is now acting as executor of said will.

April 7, 1886, Charles Bell, as late sheriff, by R. Baskin, deputy, advertised that he would, pursuant to the aforesaid execution, sell May 22, 1886, all of the interest which William R. Baskin had in said land at the date of the recovery of the judgment. Mary E. Huson, the principal, and James L. Brewer, the co-surety, are insolvent.

On May 20, 1886, this action was begun to set aside the judgment and restrain the plaintiffs therein, the defendants

herein, from selling the land of the plaintiffs under the execution. The case was tried before a referee on the pleadings and an admission (no evidence being given by either side) that William R. Baskin was a surety for Mary E. Huson on the note and had no part of its consideration. The counsel for the plaintiffs then moved for a judgment on the following grounds: (1) "That the defendant ex-sheriff Bell, who is seeking to enforce the judgment against the property of the plaintiffs, had not at the time he ceased to be sheriff of Yates county commenced the execution of the mandate or process by the collection of money thereon, or by seizure or levy upon money or other property by reason thereof." (2) "Upon the ground that by the death of William R. Baskin, his estate and lands of which he died seized are discharged from the judgment." (3) "That the judgment mentioned in the complaint has ceased to be a lien upon any lands of which William R. Baskin died seized."

The defendants moved to dismiss the complaint on the following grounds: (1) "That it does not state facts which constitute a cause of action." (2) "That all the relief asked for in the complaint could have been obtained by motion, and that there was no necessity for a resort to an action." (3) "That the gravamen of the complaint is only such as would bind the defendant Andrews and in no way affects or charges James Huntington, the testator, or the defendant Henry Huntington, who is the executor of James Huntington." The referee overruled the motion of the defendants and granted the motion made in behalf of the plaintiffs, and thereupon signed a decision containing findings of fact and conclusions of law. He held that on the death of William R. Baskin, his estate was discharged from all liability on the judgment and directed a judgment vacating and setting aside the execution and restraining the defendants from thereafter attempting to enforce the payment of the judgment or execution.

*John Gillette* for appellants. The several note signed by Mary E. Huson, as maker, and William R. Baskin and J. L.

Brewer, as sureties, was merged into a joint judgment, and was thereafter a joint obligation against them all. (*McNulty* v. *Hurd*, 18 Hun, 1; *Risley* v. *Brown*, 67 N. Y. 160; *Getty* v. *Buisse*, 49 id. 385.) Said note having been made, and such judgment obtained before the enactment and adoption of section 758 of the Code of Civil Procedure, the, rights, relations and equities of the parties toward each other is to be determined by the rules prevailing at common law, and are not at all affected by such statutory provisions. (*Randall* v. *Sackett*, 77 N. Y. 480.) The death of a party to a note or other obligation, who signed or became liable thereon only as surety for another party or parties thereto, operates as an absolute discharge of the estate of such surety. (*Richardson* v. *Draper*, 87 N. Y. 344; *Getty* v. *Buisse*, 49 id. 385; *Randall* v. *Sackett*, 77 id. 480; *McNulty* v. *Hurd*, 18 Hun, 1; *McCluskey* v. *Crownwell*, 11 N. Y. 593; *Wood* v. *Fisk*, 63 id. 250.) The execution issued to enforce the judgment obtained and entered against the maker and sureties on the note in question, under the admitted facts in this case, had become absolutely void and of no effect in the hands of the defendant Charles Bell, and he had no power or authority to advertise or sell the lands of the plaintiff thereon, and as against him and the other defendants the plaintiffs were entitled to a judgment restraining them therefrom, even though the judgment was a valid lien thereon. (Code Civ. Pro. §§ 182, 1379, 1380, 1381; *Rodgers* v. *Bonner*, 45 N. Y. 384; *M. Bank* v. *Van Brunt*, 49 id. 160; *Wallace* v. *Swinton*, 64 id. 188; *Wadley* v. *Davis*, 30 Hun, 572; *Ward* v. *Craig*, 87 N. Y. 557; *Scott* v. *Morgan*, 94 id. 508; *E. C. F. Co.* v. *Hersee*, 103 id. 25, 27; *Halpin* v. *P. Ins. Co.*, 118 id. 165; *Travis* v. *Travis*, 122 id. 453.)

*Martin J. Sunderlin* for respondents. The defendants' motion to dismiss the complaint should have been granted by the referee, and the exception thereto is well taken. (4 Wait's Pr. 29; *Vilas* v. *Chase*, 19 Civ. Pro. Rep. 339; Code Civ. Pro. § 1251; *Bond* v. *Willett*, 1 Keyes, 377; *Wood* v. *Colvin*, 5 Hill, 228; *Van Gelder* v. *Van Gelder*, 26 Hun, 356; *Jack-*

*son* v. *Collins*, 3 Cow. 89; *Jackson* v. *Tuttle*, 9 id. 233, 239; *People ex rel.* v. *Baker*, 20 Wend. 602, 604.) The effect of the death of a surety in a joint obligation, at the time of the death of William R. Baskin, was only to relieve his personal estate and personal representatives from an action or legal proceeding to collect the indebtedness incurred therefrom. (*United States* v. *Price*, 9 How. [U. S.] 83, 91, 96; *Getty* v. *Binnse*, 49 N. Y. 385; *Wood* v. *Fisk*, 63 id. 245; *Risley* v. *Brown*, 67 id. 160; *Johnson* v. *Harvey*, 84 id. 363; *Richardson* v. *Draper*, 87 id. 337, 344; *Smith* v. *Osborne*, 31 Hun, 390.) The death of the surety never discharged a lien actually obtained upon his real estate previous to his death, by judgment, mortgage, or otherwise, and it could be enforced by execution thereafter. (Gorham's Pr. [2d ed.] 806–815; Code Civ. Pro. §§ 1251, 1380, 1381, 1983; *Adams* v. *I. Nat. Bank*, 116 N. Y. 606; *Wood* v. *Colvin*, 5 Hill, 228; *Borst* v. *Cory*, 15 N. Y. 510; *Pratt* v. *Higgins*, 29 Barb. 282; *Gillett* v. *Smith*, 18 Hun, 10; *Mayor, etc.*, v. *Colgate*, 12 N. Y. 148.) The liability or obligation of two or more debtors against whom a judgment is recovered by the personal service of a summons or appearance therein is not joint, but joint and several. (Code Civ. Pro. §§ 1369, 1932–1935; *Lahey* v. *Kingon*, 22 How. Pr. 209; *Niles* v. *Batteshall*, 27 id. 381; *Pr. Bank* v. *Morton*, 67 N. Y. 199; *J. L. & S. O. Co.* v. *Hubbell*, 76 id. 545, 546.)

FOLLETT, Ch. J. By statute a judgment becomes a lien on the land of a judgment debtor which is within the county wherein the judgment is docketed (2 R. S. 359, § 3, which is superseded by Code C. P. § 1251), and a mode for enforcing the lien after the death of the judgment debtor is provided. (Code C. P. §§ 1252, 1379, 1380, 1381.) Section 1380 provides: "After the expiration of one year from the death of a party against whom a final judgment for a sum of money, or directing the payment of a sum of money, is rendered, the judgment may be enforced by execution against any property upon which it is a lien, with like effect as if the judgment

debtor was still living." This provision was taken from section one, chapter 295 of the Laws of 1850, so that it was a part of the statute law of this state when the obligation upon which the judgment was recovered was given. No distinction is made in the statute between judgments recovered on sole, on joint, or on joint and several contracts; nor is there any exemption of the land of a deceased surety contracting jointly and severally with a principal, and against both of whom a judgment has been recovered. The judgment was recovered, and William R. Baskin died before section 758 of the Code of Civil Procedure took effect.

The rule that a judgment recovered against two or more joint contractors may be enforced against the land of one of the debtors who has died, and upon which it has become a lien, is recognized or declared in the following cases : *Trethewy* v. *Ackland* (2 Saund. 48, see note); *Reed* v. *Garvin* (7 S. & R. 354); *Commonwealth* v. *Mateer* (16 id. 416); *Stiles* v. *Brock* (1 Pa. St. 215).

In the case last cited it was said : " Now, that one of two joint debtors dying, is thereby discharged, both in person and estate, at law from the payment of a debt, is too well established to be controverted, unless the debt became a lien on his estate in his life-time, in which latter case the property on which the lien existed may be taken to satisfy the debt."

We are not called upon to determine whether the judgment which the defendants are seeking to enforce against the realty on which it became a lien can be collected out of the other property of the deceased surety, for no such attempt has been made. It is unfortunate that the record does not show whether this execution was issued pursuant to sections 1379, 1380 and 1381 of the Code of Civil Procedure, and also that it does not disclose whether the sheriff had begun to execute the execution by the collection of money thereon, as provided by sections 184 and 186 of the Code Civ. Pro. The record does not enable us to determine whether the execution is a legal one, nor, if it is, whether the defendant, ex-Sheriff Bell, is in a position to make a valid sale by virtue of it. Whether a purchaser can acquire

title under a sale made under this process by the ex-sheriff, must be left undetermined until the question arises and the necessary facts are before the court.

The order should be affirmed and judgment absolute rendered against the appellants, with costs.

All concur.

Order affirmed and judgment accordingly.